CITY OF PLAINFIELD, PROSECUTOR, v. STATE BOARD OF
TAX APPEALS AND N. J. & S. REALTY CO., RESPOND-
ENTS.

Submitted January term, 1941—Decided April 8, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
PERSKIE.

For the prosecutor, *William Newcorn.*

For the respondents, *Allan Krieger.*

The opinion of the court was delivered by

PERSKIE, J. The question requiring decision on the facts
of this cause is whether the State Board of Tax Appeals erred,
as claimed by prosecutor, in reducing the assessment on
respondent's land for the tax year of 1939 by the sum of
$14,900.

Respondent's property, designated by prosecutor as Block
100, Lots 2-1A, 181-195 East Front street, is located at the
northwest corner of East Front street and Watchung avenue,
Plainfield, New Jersey. The lot has a frontage of 72.16 feet
on East Front street and a frontage on Watchung avenue
253.4 feet, plus a depth along the westerly line of 233.66 feet
wide across the rear thereof on an angle approximately 68
feet in the rear of the lot, facing an additional tract with a
frontage on Watchung avenue 127.5 feet deep, with a width

across the rear of 154 feet. The depths of this lot are irregular, the southerly line is 148.03 feet and the northerly line follows the contour of Green Brook to the line in the rear.

On this land are several buildings. The Union Building, a four-story brick with limestone front used for stores and offices, built in 1924, is located on East Front street. Next to this building, on Watchung avenue, is a two-story brick building and adjacent thereto, on Watchung avenue, is a three-story brick building, erected in 1929, and now occupied by Montgomery Ward & Co.

For the tax year of 1939, as of October 1st, 1938, the property was assessed, by the local assessors, as follows: Land $124,900, buildings $120,500, total $245,400. On appeal to the Union County Board of Taxation that board affirmed the local assessment. Respondent then appealed to the State Board of Tax Appeals. That body affirmed the assessment on the buildings but reduced the assessment on the land by the sum of $14,900.

Prosecutor challenges the propriety of that reduction. The assessment on the buildings is not involved on this appeal. We have made reference to the buildings and the unchallenged assessment thereon because that assessment as well as the rental income derived from the buildings are factors which were considered by the experts in testifying as to the value of the land.

We shall now briefly refer to the proofs to the end of ascertaining whether those proofs *persuasively* establish that the State Board of Tax Appeals erred, as claimed by prosecutor, in its determination. *Tennant* v. *Jersey City,* 122 *N. J. L.* 174; 4 *Atl. Rep.* (*2d*) 395; *affirmed,* 123 *N. J. L.* 200; 8 *Atl. Rep.* (*2d*) 325; *Gannon* v. *State Board of Tax Appeals,* 123 *N. J. L.* 450; 9 *Atl. Rep.* (*2d*) 531.

The testimony adduced before the board and the testimony taken by leave of the court, disclose substantially the following:

Respondent's property is ideally located in the heart of the business district of the City of Plainfield. It is characterized as a "100 per cent. location." The tax history of the land shows the following assessments: $93,800 for 1928,

$99,425 for 1929, $115,450 for 1930, 1931 and 1932, $131,375 for 1933, $131,400 for 1934 and $124,900 from 1935 to 1939.

For the prosecutor, its assessor, Charles A. Peterson, testified that the land had a value, on the day of the assessment thereof, of $1,730 a front foot, or a total of $120,500. While he testified as to assessed valuations of properties relatively near to the land in question ranging from $1,105 a front foot to $1,318 a front foot, he admitted, on cross-examination, that his valuation here of $1,730 a front was based on comparable sales so long prior to the assessment date that he could not remember when last such a sale had been effected. The fact that he could not specifically point to voluntary sales of other properties in the immediate neighborhood within a reasonable time before and after the statutory date of assessments renders his testimony of little, if any, persuasive value. *Atlantic City* v. *State Board of Tax Appeals,* 123 *N. J. L.* 464; 9 *Atl. Rep. (2d)* 702. Concededly there is no proof of any such sales in the instant case. Thus each party resorted to expert witnesses.

William C. McDowell, an expert, for the city placed a value of $177,907 on the land. He reached that value on the unit form of one foot by one hundred. On that basis he worked out his result as follows:

| | |
|---|---:|
| East Front street frontage 72.16'. Depth and frontage along westerly line of Watchung avenue 253.4'. Basis of value 72.16' x 100' depth @ $1,250 a front foot ... | $90,200 |
| Corner influence 25' (31,350 x 20%) | 6,250 |
| Watchung avenue frontage 40' x 70' avenue 40' @ $625 a front foot x depth factor .844 | 21,100 |
| 118' x 70' average 118' @ $350 a front foot x depth factor .844 | 34,857 |
| 157.5' x 175' average 127.5 @ $200 a front foot.. | 25,500 |
| Land value estimate | $177,907 |

For whatever value it may have, his appraisal report (prosecutor's *Exhibit P-1*) discloses a gross income from the prop-

erties of $47,684.42 less deductions of $27,503.22, or a net income of $20,181.20. Based on capitalization of the income at six per cent, "Property residual method," he placed a market value on the .property (land and buildings) of $336,000. On this figure, if we deduct the value of the buildings ($120,500) we have a value of $215,500 for the land.

For respondent, expert R. M. Kirkland placed a value of $1,500 a front foot on the land or a total value of $108,240. This expert's report (respondent's *Exhibit 1*) of his appraisal of the property shows a gross income of. $39,266 less deductions of $25,692, or a net income of $13,574. On this income, capitalized at six per cent., he placed a value on the land and · buildings at $226,233. And expert Herbert Segal, for the respondent, testified as follows: "Based entirely on capitalization, with consideration of. $4,000 annual depreciation and not including any interest charges on liens made for the purpose of carrying the property, or on mortgage loans, I have fixed a value capitalized at six per cent. on the net income of $200,733.66. I didn't allocate this value as between land and buildings." On this basis, deducting the unchallenged valuation of $120,500 on the buildings, he gave a valuation of $80,236.66 on the land. All of which rather forcefully shows what can be done with figures.

In light of all that has been written, we are not able to say that the proofs persuasively establish that the State Board of Tax Appeals erred in its determination. On the contrary, we think that the proofs fairly support the result reached by the State Board of Tax Appeals. We so hold.

Accordingly, the judgment under review is affirmed. The writ is dismissed, with costs.